UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE M. ZIRNHELT,

       Plaintiff,

vs.

       Case No. 04-CV-70619;
       Case No. 06-CV-13433
       HON. GEORGE CARAM STEEH

MICHIGAN CONSOLIDATED GAS CO. et al.,

       Defendant.

_____/

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I AND II (# 38); DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO COUNT III (#39) AND GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF ON COUNT III FOR $10,500.00, AND; DISMISSING ALL CLAIMS ALLEGED IN CASE NO. 06-CV-13433 WITH PREJUDICE

Defendants Michigan Consolidated Gas Company ("MichCon"), American Natural Resources System Companies Employees' Retirement Plan and DTE Energy Retirement Plan (collectively "Retirement Plan"), and Retirement Plan Administrator Elizabeth Pochini move for summary judgment and judgment on the pleadings as to plaintiff Diane Zirnhelt's claims that she is vested to receive a pension under the Retirement Plan, that the minimum vesting requirements of the Retirement Plan violate 29 U.S.C. § 1053 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq., and that Retirement Plan Administrator Pochini is liable under 29 U.S.C. § 1132(c)(1)(B) of the ERISA to pay $100.00 per day penalties for Pochini's delay in providing Zirnhelt with requested Retirement Plan documents. A hearing on the motions was held on August 31,

2006. For the reasons set forth below, defendants' motion for a judgment based on the administrative record that Zirnhelt is not vested in the Retirement Plan will be GRANTED. Defendants' motion for summary judgment of Zirnhelt's claim that the Retirement Plan's vesting requirements violate 29 U.S.C. § 1053 will be GRANTED. Defendants' motion for summary judgment of Zirnhelt's claim for $100.00 per day penalties under 29 U.S.C. § 1132(c)(1)(B) will be DENIED, and summary judgment will be GRANTED in favor of Zirnhelt to the extent Zirnhelt will be awarded $10,500.00 in penalties on Count III, representing a $100.00 per day penalty beginning on March 17, 2004 when the defendants were served with this lawsuit until requested Retirement Plan documents were provided to Zirnhelt on July 1, 2004. Zirnhelt's claims as alleged in a separate complaint filed in Case No. 06-CV-13433 will be DISMISSED with prejudice as duplicative and no longer open to discussion.

## I. Background

The circumstances underlying this lawsuit have been set forth in the court's previous opinions, and will be reiterated herein only to the extent necessary to adjudicate the instant motions. Diane Zirnhelt filed her three count ERISA complaint on February 19, 2004 seeking pension benefits under the Retirement Plan. The complaint was served on the defendants on March 17, 2004. Count I seeks declaratory relief that Zirnhelt is vested in the Retirement Plan. Count II alleges the Retirement Plan violates ERISA § 1053's minimum vesting requirements. Count III alleges Plan Administrator Pochini is liable under ERISA § 1132(c)(1)(B) for $100 per day penalties beginning June 1, 2003 for failing to provide Retirement Plan documents within 30 days of Zirnhelt's request.

Recognizing that Zirnhelt had not exhausted her administrative remedies before

filing this lawsuit, the court entered a July 13, 2004 stipulated order requiring Zirnhelt to file a formal claim for Retirement Plan benefits and to pursue an administrative appeal. The case was dismissed without prejudice and re-opened on August 17, 2005 on the parties' representation that the administrative proceedings had been completed, with Zirnhelt being denied benefits. On November 14, 2005, Zirnhelt moved to file an amended claim of estoppel, and on February 16, 2006, Zirnhelt moved for summary judgment as to her $100.00 per day penalty claim. Zirnhelt's motion to amend was denied as futile on February 22, 2006, and her motion for summary judgment was denied on April 10, 2006. Zirnhelt's motion for reconsideration of the denial of her motion to amend was denied on April 10, 2006. Defendants filed motions for summary judgment and judgment on the pleadings on June 16, 2006. On July 31, 2006, Zirnhelt filed a separate complaint assigned to this court by blind draw as Case No. 06-CV-13433.

## II. Judgment on the Administrative Record

When a plan administrator has discretionary authority to determine benefits, a court reviews an administrative decision to deny benefits under a highly deferential arbitrary and capricious standard of review. McDonald v. Western-Southern Life Ins. Co., 347 F.3d 161, 168-69 (6th Cir. 2003). Zirnhelt concedes that this arbitrary and capricious standard of review applies here because the Retirement Plan language grants the Plan Administrator discretion to decide benefit claims. The court must decide whether the plan administrator's decision is rational in light of the Plan's language. McDonald, 347 F.3d at 169. "[W]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." Id. at 169 (quoting Williams v. International Paper Co., 227 F.3d 706, 712 (6th Cir. 2000)). If, as here, the plan

administrator enjoys discretion under the plan to decide a benefit claim, and there is an alleged conflict of interest, the conflict of interest is only one factor to be addressed under the arbitrary and capricious standard of review.  Peruzzi v. Summa Medical Plan, 137 F.3d 431, 433 (6th Cir. 1998) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)).

Although the parties proffer different versions of the Retirement Plan, Article 2, Section 19 of both versions define "Years of Service" required to vest.  In denying Zirnhelt's administrative appeal, the Plan Committee reviewed Zirnhelt's proffered version of the Retirement Plan "not[ing] that the provisions of Article 2, Section 19 appear to have been altered."  Zirnhelt urges that the version of the Retirement Plan she relies on was mailed to her by the defendants on September 11, 2000 along with the following correspondence:

> Enclosed you will find a copy of the Retirement Plan in effect as of the date Ms. Zirnhelt terminated.  In accordance with our Plan Document, Ms. Zirnhelt needed 10 years of Service to Vest and be 32 years old.  The Plan back in 1977 only included services after you reach the majority (21).  Ms Zirnhelt would have had to work until April 1979 to have any Vested/Retirement Benefits.  If you have any other questions, you may reach me at the number above.

Both defendants' version of the Retirement Plan and Zirnhelt's version of the Retirement Plan contain the following modifying clause in Article 2, Section 19: ". . . but excluding any Years of Service completed before an employee attains age 22."[1]

---

[1] Zirnhelt's proffered version of Article 2, Section 19 contains the clause within subsection (c):

(19) Years of Service.  The sum of

    (a) an employee's Years of Prior Service,

    (b) each 12-month period . . . and

Zirnhelt's continuing theory of recovery has been one of estoppel, with Zirnhelt arguing that she was told by people when she worked in MichCon's Personnel Department that, regardless of age, 10 years of service was the vesting requirement for the Retirement Plan. Zirnhelt now argues that defendants should be estopped from denying retirement benefits based on a verison of the Retirement Plan defendants simply deny sending to Zirnhelt. Defendants have proffered other corporate documents evidencing that, during the relevant time period, years of service prior to an employee reaching age 22 were excluded under the applicable Retirement Plan. The documents include Zirnhelt's "Termination Check List" indicating she was "Not Vested," a Summary Plan Description, and Summary Annual Reports. The Plan Administrator relied on these documents and defendants' proffered version of Article 2, Section 19 of the Retirement Plan in denying Zirnhelt's administrative claim for retirement benefits.

Applying a highly deferential standard to the administrative decision denying

---

       (c) a proportional Year of Service for any period less than 12 months . . . in accordance with regulations, but excluding any Years of Service completed before an employee attains age 22.

Defendants' proffered version of Article 2, Section 19 contains the clause outside subsection (c):

   (19) Years of Service. The sum of

      (a) an employee's Years of Prior Service,

      (b) each 12-month period . . . and

      (c) a proportional Year of Service for any period less than 12 months . . . in accordance with regulations,

but excluding any Years of Service completed before an employee attains age 22.

Zirnhelt's claim for benefits under the Retirement Plan, the decision represents a reasoned explanation and is rational in light of the wording of Article 2, Section 19 "excluding any Years of Service completed before an employee attains age 22." McDonald, 347 F.3d at 168-69. Zirnhelt does not dispute that she does not meet the vesting requirements of the Retirement Plan if her Years of Service prior to her attainment of age 22 are excluded. Defendants have proffered evidence that it was not an arbitrary or capricious act of the Plan Administrator to rely on defendants' proffered version of Article 2, Section 19 in adjudicating, and denying, Zirnhelt's claim for retirement benefits. Even Zirnhelt's proffered version of Article 2, Section 19 supports a finding that the denial of benefits was rational in that the clause language excludes "*any Years* of Service completed before an employee attains age 22," not "proportional Year[s] of Service," which is the topic of Article 2, Section 19, subparagraph (c). Stated differently, it is completely rational to construe the clause language excluding Years of Service attained before the age of 22 as modifying all of Section 19 even though Zirnhelt's proffered version of the Retirement Plan contains the clause within subparagraph (c). Zirnhelt's assertion of a conflict of interest does not, in light of the express Retirement Plan language, support a conclusion that the Plan Administrator's decision was irrational, or arbitrary and capricious. Peruzzi, 137 F.3d at 431, 433

Zirnhelt relies on McCartha v. National City Corp., 419 F.3d 437, 413 (6th Cir. 2005) for the proposition that "[a]n ERISA plan, not the participant, has the burden of proving an exclusion applies to deny benefits." The McCartha plaintiff argued that an ERISA disability plan excluding benefits for "refusing" to be treated did not apply because she simply missed some appointments, and the ERISA plan did not investigate the legitimate reasons she

6

gave for missing the appointments. Id. Here, it is undisputed that Zirnhelt does not meet the 10 year vesting requirement if, as the Plan determined, Zirnhelt's Years of Service attained before she reached age 22 are excluded from the calculation. Defendants have met their burden of proving that the exclusion applies.

The court has reviewed the administrative record, and the reasons given by the defendants for finding that Zirnhelt is not vested in the Retirement Plan. The decision is not arbitrary or capricious. Defendants are entitled to entry of judgment dismissing Zirnhelt's claim in Count I that she is vested in the Retirement Plan. McDonald, 347 F.3d at 168-69; Williams, 227 F.3d at 712; Peruzzi, 137 F.3d at 433; Firestone Tire, 489 U.S. at 115.

### III. Summary Judgment

Defendants move for summary judgment of Zirnhelt's claims that the vesting requirements of the Retirement Plan violate ERISA § 1053, and that defendant Plan Administrator Pochini is liable for $100.00 per day penalties under ERISA § 1132(c)(1)(B) for failing to timely provide requested Plan documents. The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see

also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  A federal district court may grant summary judgment in favor of a non-moving party where there is no genuine issue of material fact.  See E.E.O.C. v. Allendale Nursing Centre, 996 F.Supp. 712, 713 (W.D. Mich. 1998).

Zirnhelt concedes to summary judgment of her claim in Count II that the vesting requirements of the Retirement Plan violate ERISA § 1053.  Defendants are entitled to summary judgment of Count II as a matter of law.  Amway Distributors, 323 F.3d at 390.

Zirnhelt's remaining claim as alleged in Count III is for an award of $100.00 a day penalties pursuant to 29 U.S.C. § 1132(c)(1)(B).  Zirnhelt seeks an award of $39,400.00,[2] calculated from June 1, 2003, 30 days after Zirnhelt's counsel Attorney Leonard Zielinski faxed Plan Administrator Pochini a May 2, 2003 letter requesting Retirement Plan information, to July 1, 2004 when the information was first provided to Zirnhelt following a scheduling conference conducted in this lawsuit.  Defendants respond that Zirnhelt was never entitled to pension benefits as a Retirement Plan participant or beneficiary, and therefore she was not entitled to receive the requested documents.

The initial issue for purposes of assessing a penalty under 29 U.S.C. § 1132(c)(1)(B) is whether Zirnhelt had a "colorable claim" for pension benefits.  As this court explained in its prior April 12, 2006 Order denying Zirnhelt's' motion for summary judgment pending further development:

> § 1132(c)(1)(B) requires a plan administrator to respond within 30 days to a request for ERISA information from a plan "participant" or "beneficiary."  Ths Supreme Court has defined a "participant" for purposes

---

[2] (30 days in June 2003 + 364 days from July 1, 2003 to July 1, 2004) * $100.00 per day = $39,400.00.

of § 1132(c)(1)(B):

> . . . . To say that a "participant" is any person who claims to be one begs the question of who is a "participant" and renders the definition set forth in § 1002(7) superfluous. Indeed, respondents admitted at oral argument that "the words point against [them]." Tr. of Oral Arg. 40.
>
> In our view, the term "participant" is naturally read to mean either "employees in, or reasonably expected to be in, currently covered employment," or former employees who "have ... a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits[.] In order to establish that he or she "may become eligible" for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future. "This view attributes conventional meanings to the statutory language since all employees in covered employment and former employees with a colorable claim to vested benefits 'may become eligible.' A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the [phrase] 'may become eligible.' "

Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 117-118 (1989). The Sixth Circuit has since applied the "colorable claim" test in deciding whether an ERISA plaintiff has standing to seek relief under § 1132. See Crawford v. Roane, 53 F.3d 750, 754 (6th Cir. 1995) (reasoning that a "beneficiary" for purposes of § 1132 is not anyone who claims to be one, but is instead one who "has a reasonable and colorable claim to benefits" under an ERISA plan); Teagardener v. Republic-Franklin Inc. Pension Plan, 909 F.2d 947, 953 (6th Cir. 1990) (quoting Firestone Tire, 109 S.Ct. 948, 959 (Scalia, J., concurring) in reasoning that a "participant" for purposes of § 1132 must have an alleged entitlement to benefits based on the ERISA plan language itself, and not simply "a good argument that benefits have vested even though they have not").

April 12, 2006 Opinion, at 2-3. See also Crawford v. Roane, 53 F.3d 750, 754 (6th Cir. 1995) (reasoning that a "beneficiary" for purposes of § 1132 is not anyone who claims to be a beneficiary, but is instead one who "has a reasonable and colorable claim to benefits" under an ERISA plan). This court went on to explain:

9

> [T]he decision whether to award up to a $100.00 a day penalty under § 1132(c)(1)(B) is entirely within the district court's discretion. <u>Bartling v. Fruehauf</u>, 29 F.3d 1062, 1068 (6th Cir. 1994). In exercising that discretion, the court may take into account the defendant's good faith, or lack thereof, and the plaintiff's resulting prejudice, or lack thereof. <u>Id</u>.

April 12, 2006 Opinion, at 3-4.

Pochini argues that she acted in good faith when failing to provide Zirnhelt with the materials requested in the May 2, 2003 by fax, attesting that she telephoned Attorney Zielinski that same day and was told by Zielinski that a member of Pochini's staff, Martha Klyce, had advised Zielinski that Zirnhelt was not entitled to retirement benefits because Zirnhelt did not have 10 years of service following her 22nd birthday. Pochini March 13, 2006 Affidavit, ¶ 3, at 2. Pochini further attests:

> . . . . At the end of our [telephone] discussion, Mr. Zielinski did not indicate that there was some provision in the copy of the Retirement Plan, that he apparently had, which indicated otherwise nor did he indicate that Ms. Zirnhelt was still interested in receiving the requested documents. I therefore concluded that the documents were no longer needed and that the document request was moot.

<u>Id</u>. With respect to the version of the Retirement Plan proffered by Zirnhelt, Pochini attests:

> I conducted an investigation as to whether [Zirnhelt's] purported version of Article 2 (19) "Years of Service" somehow originated from my department. As part of that investigation, I spoke with Martha Klyce. I am satisfied that Plaintiff's purported version did not come from Ms. Klyce or anyone else in my department.

<u>Id</u>, ¶ 5, at 3.

Whatever good faith belief Pochini may have held after talking to Attorney Zielinski on the phone on May 2, 2003, Pochini could not have reasonably maintained a good faith belief that Zirnhelt had abandoned her request for the Retirement Plan information after Zirnhelt filed this lawsuit on February 19, 2004. Defendants filed an answer to the

10

complaint on April 29, 2004 as opposed to a Rule 12(b)(6) motion to dismiss. Following a June 7, 2004 scheduling conference and a second June 30, 2004 telephone conference, the parties caused a July 13, 2004 stipulated order to enter requiring Zirnhelt to first exhaust her administrative remedies by filing an administrative claim for benefits, agreeing inter alia:

> 1. Defendants will provide, to the extent they can be located, the documents requested in the May 2, 2003 correspondence . . . as well as Plaintiff's personnel file pertaining to her employment at Michigan Consolidated Gas Company on or before June 30, 2004.
>
> 2. At the same time that the documents identified in Paragraph No. 1 above are produced, Defendants will advise Plaintiff of the name, title and address of the appropriate party with whom to file a claim under the terms of the Plan as well as the name, title, and address of the appropriate party with whom to file an appeal of a rejection of any claim of Plaintiff for retirement benefits under the Plan.

July 13, 2004 Stipulated Order, at 2. Zirnhelt first received the requested Retirement Plan information on July 1, 2004.

Under the particular circumstances of this case, the court finds that Zirnhelt is entitled to a $100.00 per day penalty from the date she filed this lawsuit on February 19, 2004, to the date she received the requested information on July 1, 2004, a period of 105 days, yielding a total penalty award of $10,500.00. Defendants concede, as they must, that Zirnhelt was only required to have a "colorable claim" for retirement benefits to enjoy standing to request Retirement Plan information, not an ultimately successful claim for retirement benefits. Zirnhelt specifically alleged on February 19, 2004 that she was entitled to pension benefits under the language of the Retirement Plan in her possession, and that she would prevail in this lawsuit on the basis of that language. See Firestone Tire, 489 U.S. at 117-18; Teagardener, 909 F.2d at 953. After February 19, 2004, Pochini could no

longer justifiedly rely on her own assessment that Zirnhelt had abandoned the May 2, 2003 request for Retirement Plan information and that the request was moot. Zelinski's alleged failure to "indicate that there was some provision in the copy of the Retirement Plan, that he apparently had" is attributable in part to Zelinksi's lack of the information he requested on May 2, 2003.

Pochini cites <u>Carlton v. Eason</u>, No. 98-CV-72682, 1999 U.S. Dist. LEXIS 13342 (E.D. Mich. Aug. 19, 1999) (unpublished) for the proposition that being required to file a lawsuit is not sufficiently prejudicial to warrant a penalty award under 29 U.S.C. § 1132(c)(1)(B). <u>Carlton</u> relied upon <u>Lesman v. Ransburg Corp.</u>, 719 F. Supp. 619 (W.D. Mich. 1989), <u>aff'd</u>, 911 F.2d 732 (6th Cir. 1990), as articulating the standard to be applied in deciding whether a penalty award is merited under § 1332(c):

> ERISA states that an administrator "who fails or refuses to comply with a request for any information . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount up to $100.00 a day from the date of such failure or refusal." *29 U.S.C.A. § 1132(c)(1)* (West 1999) (emphasis added). "The statutory award under 29 U.S.C. § 1132(c) is punitive and designed to induce or compel disclosure of information required by ERISA." <u>Lesman</u>[, 719 F. Supp. at 622]. "Although prejudice is not a prerequisite for the imposition of . . . penalties under 29 U.S.C. § 1132(c)[,] courts properly may consider detrimental reliance or prejudice before imposing penalties under 29 U.S.C. § 1132(c)." <u>Id</u>.

<u>Carlton</u>, 1999 U.S. Dist. LEXIS 13342 at *3-*4.

The award of a $10,500.00 penalty in this lawsuit is premised on Pochini's unwarranted 105-day delay in providing Zirnhelt with the requested materials after this lawsuit was filed. From the filing of the complaint until the requested materials were disclosed, Pochini could no longer rely in good faith on her instant attestations that the information request was moot. The punitive conduct here is the needless delay in obtaining

12

an administrative adjudication of Zirnhelt's claim for benefits and an adjudication of this lawsuit, which ultimately turned on the parties differing versions and interpretation of the Retirement Plan language and information contained within Zirnhelt's May 2, 2003 request. Prejudice is not a prerequisite to imposition of a penalty. Carlton, 1999 U.S. Dist. LEXIS 13342 at *4. The circumstances in Carlton differ from those now before the court; the Carlton plaintiff proffered "no evidence in support of his allegation that Defendants did not turn over required documents in violation of ERISA." Id. at *5.

At the same time, the court is not persuaded that Zirnhelt is entitled to a penalty award from the time period from June 1, 2003 until she filed suit on February 19, 2004. Zirnhelt's ability to file suit and pursue an administrative claim, and the ultimate outcome of this lawsuit, were not adversely affected by the delay. A penalty award of $10,500.00 is sufficient under the circumstances to induce future timely disclosure of ERISA information. Lesman, 719 F. Supp. at 622.

In summary, the court finds that the delay in providing Zirnhelt with requested information from the filing of this lawsuit to the disclosure of the requested information over three months after suit was filed, in the absence of an intervening motion to dismiss, warrants awarding Zirnhelt a $10,500.00 penalty under 29 U.S.C. § 1132(c)(1)(B).

### IV. Complaint filed in Case No. 06-CV-13433

One month prior to the hearing held in this matter, Zirnhelt filed a July 31, 2006 four count complaint which was assigned to this court as Case No. 06-CV-13433. At an October 19, 2006 status conference, Zirnhelt's Counsel conceded that Counts I and II as alleged in Case No. 06-CV-13433 are duplicative of Counts I and II as alleged in this case, to wit, that Zirnhelt is entitled to declaratory relief that she is vested in the Retirement Plan, and that the Retirement Plan violates ERISA § 1053's minimum vesting requirements. Count III on its face is duplicative of Count III as alleged here, that Zirnhelt is entitled to a

penalty award against Pochini under 29 U.S.C. § 1132(c)(1)(B) for failing to provide Retirement Plan information within 30 days of the May 2, 2003 request.  Couched in terms of a claim of breach of fiduciary duty, Count IV as alleged in Case No. 06-CV-13433 alleges the proposed amended estoppel claim this court denied as futile in this lawsuit on February 22, 2006.  Accordingly, Zirnhelt's claims as alleged in Case No. 06-CV-13433 will be dismissed with prejudice as duplicative claims.  See Curtis v. Citibank, 226 F.3d 133, 138-39 (2d Cir. 2000).  Alternatively, the claims in Case No. 06-CV-13433 will be dismissed sua sponte as no longer open to discussion by operation of the final adjudication of this lawsuit.  See  Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).

## V. Conclusion

Defendants' motion for summary judgment and judgment on the pleadings is hereby GRANTED as to plaintiff Diane Zirnhelt's claim for declaratory relief that she is vested in the Retirement Plan, and claim that the Retirement Plan's vesting requirements violate 29 U.S.C. § 1053.  Counts I and II are hereby DISMISSED with prejudice.  Defendants' motion for summary judgment is hereby DENIED as to Zirnhelt's Count III claim for $100.00 per day penalties under 29  U.S.C. § 1132(c)(1)(B), and summary judgment is hereby GRANTED in favor of Zirnhelt to the extent Zirnhelt is hereby awarded $10,500.00 in penalties under Count III.  Zirnhelt's claims as alleged in Case No. 06-CV-13433 are hereby DISMISSED with prejudice in their entirety.

SO ORDERED.

Dated:  November 1, 2006

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

14

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 1, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk